**Freda REYNAUD and Milton Reynaud,
Plaintiffs,**

v.

**UNITED STATES of America,
Defendant.**

**No. 2009.**

United States District Court
W. D. Missouri,
Southwestern Division.

Oct. 28, 1966.

Edward V. Sweeney, Monett, Mo., for plaintiffs.

Bruce C. Houdek, Asst. U. S. Atty., for defendant.

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

ELMO B. HUNTER, District Judge.

The case is presently before the Court upon a motion by defendant to dismiss the complaint with prejudice for the reason that filing was untimely and the action is barred by 28 U.S.C. § 2401(b). The action was brought originally in the Circuit Court of Lawrence County, Missouri, against Waldo Emerson Aikins on May 21, 1966. It was removed to the United States District Court for the Western District of Missouri, Southwestern Division, on June 23, 1966, by the United States of America after certification that Waldo Emerson Aikins was acting within the scope of his employment as an employee of the United States at the time of the incident complained of, 28 U.S.C. § 2679(d). The United States of America was substituted as defendant pursuant to Title 28, U.S.C. § 2679(b), and § 1346(b). The Court of its own motion ordered a hearing on the limited issue of whether the driver Aikins was a

government employee acting within the scope of his employment at the time of the incident in question. Upon the conclusion of that hearing the Court made the finding that Waldo Emerson Aikins was a government employee who was acting within the scope of that employment at the time of the incident which is the subject of this case.

Title 28, U.S.C., § 2679(b) provides: "The remedy by suit against the United States as provided by section 1346(b) [Tort Claims Act section on negligence of government employee] of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

 In its motion to dismiss defendant states that the automobile accident out of which this suit arose occurred on March 7, 1963, and that the action against Aikins in which the United States was substituted as defendant was filed on May 21, 1966. There is no contention that such dates are incorrect. Title 28, U.S.C., § 2401(b) provides that a tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues. This action was clearly begun outside the two year requirement. Therefore, as to the United States of America the action is barred and must be dismissed. Such a disposition of the case is required by the plain wording of the statutes involved and is supported by case authority in point, Hoch v. Carter, 242 F.Supp. 863 (S.D., N.Y.1965), Fancher v. Baker, 399 S.W.2d 280 (Sup.Ct. Ark.1966), Perez v. United States, 218 F. Supp. 571 (S.D., N.Y.1963). The contention that the United States should be estopped to enter the case in one breath and then assert that the claim is untimely in another is without merit. Title 28, U.S.C., § 2679 puts the affirmative bur-

den upon the government in such a case as this to step in and defend the action when such civil action is brought against the government employee. The record shows that the government did not delay in entering the case when it was filed. Had the case been filed within the two year period, it could not be dismissed as untimely even if the certification and removal were made outside the period, Whistler v. United States, 252 F.Supp. 913 (N.D.Ind.1966).

 Plaintiffs further contend that if the United States is not liable in this action, the case should be remanded to the state court to enable the plaintiffs to maintain their action against Aikins in his individual capacity. This contention is also without merit. It flies in the face of the purpose and plain wording of the statute, 28 U.S.C. § 2679(b). The legislative history, 1961 U.S.Code Cong. & Ad. News, pp. 2787–2796, Perez v. United States, supra, unquestionably demonstrates that the very purpose of the 1961 amendments resulting in the present language of Title 28, U.S.C., § 2679 was to exclude suits against employees in their individual capacity on claims arising out of their driving motor vehicles within the scope of their government employment. It was this purpose which caused the term "exclusive" to be put in subsection (b), making the remedy by suit against the United States the only remedy under facts as presented here. To permit plaintiffs the option of suing the United States within two years or waiting until after the two year limit and then suing the employee in his individual capacity would require the Court to disregard the unquestioned intent of Congress in this matter. This the Court will not do. The exclusive remedy of plaintiffs is a suit against the government. The fact that that suit can no longer be maintained because of untimely action by a claimant does not give rise to a suit against the driver Aikins in his individual capacity. Plaintiffs have cited numerous cases which have been read and considered. However, these cases are all distinguishable and

are not on the precise question presented in this case.

Defendant's motion to dismiss this action is hereby granted and the suit is dismissed with prejudice.

It is so ordered.