Paul C. **BAKER**

v.

**UNITED STATES of America.**

Richard **KOHLHEPP**

v.

**UNITED STATES of America.**

Civ. A. Nos. 70–1352–T, 70–1353–T.

United States District Court,
D. Maryland.

April 5, 1972.

Joseph Leiter, Baltimore, Md., for plaintiff Baker.

Michael J. Doxzen, Baltimore, Md., for plaintiff Kohlhepp.

John G. Sakellaris, Asst. U. S. Atty. (George Beall, U. S. Atty., on brief), for United States.

THOMSEN, District Judge.

The question to be decided is whether these actions are barred because they were not begun within two years after the claims accrued, as required by the Federal Tort Claims Act, 28 U.S.C. § 2401(b). A hearing has been held at which the court received, by agreement of counsel, a written stipulation of facts,

an oral stipulation of additional facts, and several statements and letters.

Plaintiffs' claims arise out of a three-car automobile accident on the Baltmore-Washington Parkway just south of the Baltimore Beltway on 15 June 1965. All the cars were northbound; the first was driven by plaintiff Baker, with plaintiff Kohlhepp a passenger, the second by William C. H. Zimmerman and the third by Walter N. Smith. The Baker car was forced to stop suddenly; the Smith car struck the Zimmerman car in the rear and drove it against the rear of the Baker car. All three cars were damaged; Kohlhepp received serious injuries and Baker was also injured. The drivers exchanged information, including their names and addresses.

Smith had just graduated from the Coast Guard Officer Candidate School at Yorktown, Va., and had received travel orders detaching him from Yorktown on 11 June 1965, to report not later than 23 June 1965 to Boston, Mass. He was authorized ten days' leave, spent 11–14 June in Yorktown, and was on his way by the most direct route to Boston when the accident occurred. He was entitled to mileage for use of his own automobile and "was reimbursed in advance on 11 June 1965" for travel from Yorktown to Boston.

Smith was insured by Florida Insurance Exchange and notified it promptly. Its representatives investigated the accident, and got in touch with the attorney who had been retained by both Baker and Kohlhepp. Apparently no one connected with the matter, including Smith and the attorneys and representatives of the Florida Insurance Exchange realized that Smith was acting within the scope of his employment by the United States at the time of the accident. Smith did not report the accident to officials of the government until sometime in 1970.

On 12 April 1967 Smith was advised that the Florida Insurance Exchange had gone into receivership. Sometime thereafter he consulted the Baltimore at-

torney who had represented the company, and settled with Zimmerman for $750 of Smith's own money.

The attorney for Baker and Kohlhepp had not filed suit, because it was uncertain whether Kohlhepp would require one or more operations for a disc condition and how great his permanent disability would be, and the attorney did not want to be forced to trial until those matters could be further clarified. More than two years after the accident Kohlhepp retained his present attorney. Shortly before the Maryland three-year limitation period expired, Baker and Kohlhepp filed their actions in the Baltimore City Court against Zimmerman and Smith. Smith's address was given as c/o U.S.S. Eastwind, United States Coast Guard, Boston, Massachusetts.

Smith was properly served under the applicable Maryland statute. The attorney who had represented his insurance company helped him prepare general issue pleas and interrogatories to the plaintiffs, which were duly filed.

Sometime in 1970 Smith sought advice from the Third Coast Guard District Legal Office with respect to the suits, and was advised for the first time that he was acting within the scope of his employment at the time of the accident, and that the case was therefore an appropriate one for government defense and removal to a federal court. On 30 November 1970 the United States Attorney caused both suits to be removed to this court, and on 29 January 1971 obtained orders substituting the United States as defendant in place of Smith in each suit. On the same day the United States Attorney filed motions to dismiss, because the suits were not filed within the two-year period provided by 28 U.S. C. § 2679(b). The claims against Zimmerman have been settled for small amounts and the actions entered "Dismissed with prejudice" as against him.

All cases cited or found have held that the two-year limitation period applies, and that such suits cannot be remanded to the state court to proceed against the

government employee individually. Carr v. United States, 422 F.2d 1007 (4 Cir. 1970); Mann v. United States, 399 F.2d 672 (9 Cir. 1968); Gilliam v. United States, 407 F.2d 818 (6 Cir. 1969); Reynaud v. United States, 259 F.Supp. 945 (W.D.Mo.1966); Hoch v. Carter, 242 F.Supp. 863; Perez v. United States, 218 F.Supp. 571 (S.D.N.Y.1963). The reason for the law was discussed at length in *Carr*.

That result in the instant case seems unfair, since no one realized until too late that Smith was in the course of his employment by the government at the time of the accident. However, no facts which would ordinarily amount to an estoppel against Smith, his insurer or the government have been shown. Other courts have applied the statute strictly against plaintiffs in circumstances which seem to me more favorable to the plaintiff than those in the cases at bar. See, e. g., Mann v. United States, supra. If this case is appealed, I would be happy to be reversed. But under the statute and the authorities, I must dismiss the suits.