**Donald REISER, Plaintiff,**

v.

**Gerald DI PIETRO, Defendant.**

**No. 77 C 4569.**

United States District Court,
N. D. Illinois, E. D.

May 2, 1978.

---

**542**

Cooney & Stenn, Chicago, Ill., for plaintiff.

Nancy K. Needles, Asst. U. S. Atty., Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

Before the court is defendant's motion to dismiss.

Plaintiff brought suit in the Circuit Court of Cook County for personal injuries and property damage arising from an automobile accident, not realizing that the individual defendant driver was at the time of the incident acting within the scope of his duties as a federal postal employee. Apparently, the defendant was driving his own car with government permission. The action was removed to this court by the United States Attorney pursuant to 28 U.S.C. § 2679(d). Subsequently, but well within two years of the original accident, plaintiff filed an administrative claim with the Postal Service. The government has moved on behalf of the defendant to dismiss for lack of subject matter jurisdiction on the basis that the action was commenced prior to the filing and denial of an administrative claim as required by 28 U.S.C. § 2675(a). This motion will be granted.

A number of courts have held that federal driver cases removed from the state courts are subject to the administrative exhaustion requirement of 28 U.S.C. § 2675(a). E. g., Meeker v. United States, 435 F.2d 1219 (8th Cir. 1970); Fuller v. Daniel, 438 F.Supp. 928 (N.D.Ala.1977); Hlavac v. United States, 356 F.Supp. 1274 (N.D.Ill. 1972); Driggers v. United States, 309 F.Supp. 1377 (D.S.C.1970); 13 A.L.R.Fed. 762. This court finds that these cases reflect an essentially sound view.

In arguing that he should not be required to exhaust his administrative remedy plaintiff places heavy emphasis on the fact that when he filed the state court suit he was unaware that the defendant had been driving as a federal employee. In support of this approach he seeks to rely on Kelley v. United States, 568 F.2d 259 (2nd Cir. 1978). This argument, however, is unpersuasive. First, the cases requiring exhaustion afford no basis for a categorical exception where the plaintiff is not, at the outset, aware of the defendant's employment status. See Fuller, supra, Driggers, supra. Secondly, in Kelley, the plaintiff did not file an administrative claim until after the two-year limitations period of 28 U.S.C. § 2401(b) had expired, and the court found that the government had "lulled" the plaintiff into inaction by, among other things, waiting until the two-year period had expired before removing the case. Thus, the Kelley court was faced with a fundamental conflict between certain of the expressed objectives of the Federal Tort Claims Act and its 1966 amendments; on one hand the fair and equitable treatment of individuals involved in litigation with the government, and on the other the realization of benefits

in terms of efficiency and reduced court backlogs by administrative presentation of claims. *See* Senate Report No. 1327, 89th Cong. 2nd Sess., 2 U.S.Code Cong. and Admin.News 1966, pp. 2515–21. While some cases have applied the exhaustion requirement of 28 U.S.C. § 2675(a) where its result was to leave the plaintiff with a totally barred claim, *see Meeker, supra, Hlavac, supra,* in each such case it was clear that the plaintiff had notice of the defendant's employment status at the outset. *Kelley,* then, deals with a particular injustice not threatened here or in the other cases cited. Dismissal of the present action will not deprive the plaintiff of any rights, yet will allow for the potential benefits of administrative refinement or settlement of the dispute.

The court then finds the exhaustion requirement applicable here. Subject matter jurisdiction is therefore lacking. *Best Bearings Co. v. United States,* 463 F.2d 1177 (7th Cir. 1972). Accordingly, defendant's motion must be granted; this, however, is without prejudice to plaintiff's right to refile should he exhaust his administrative remedy.