Thor LIEN, Plaintiff,

v.

Michael L. BEEHNER, M. D. and Kenneth D. Riemer, Defendants.

No. 76–CV–390.

United States District Court, N. D. New York.

July 7, 1978.

Kernan & Kernan, P. C., Utica, N. Y., for plaintiff; John E. Hunt, Utica, of counsel.

George H. Lowe, U. S. Atty., for defendants; Gustave J. DiBianco, Asst. U. S. Atty., Syracuse, N. Y., of counsel.

## MEMORANDUM—DECISION AND ORDER

MUNSON, District Judge.

This medical malpractice case fairly illustrates the pitfalls often encountered by unwary private litigants suing government employees. The defendants in this case have moved for a dismissal of the Complaint, based upon plaintiff's failure to abide by the jurisdictional terms of the Federal Tort Claims Act, which requires, as a prerequisite to commencement of a civil action, the filing of a written claim with the appropriate federal agency within two years of accrual of the cause of action. 28 U.S.C. §§ 2401(b), 2675. The plaintiff has opposed that motion, and has cross moved for a tolling or extension of time within which to file his claim with the Department of Health, Education and Welfare. The Court will treat the defendants' motion as one for summary judgment, inasmuch as both parties have submitted matters outside the pleadings, which matters have been considered in ruling upon the motion.

The facts of this case are rather simple. Sometime prior to July of 1974, plaintiff sought medical assistance from one or both of the defendants, both of whom at the time were practicing at the Greater Winfield Medical Center, located in West Winfield, New York. The plaintiff alleges that defendants failed to properly diagnose and treat his ailment, which he discovered in July of 1974, through an independent diagnosis, to be Diabetes Mallitus. As a result of defendants' alleged negligence, plaintiff allegedly suffered a permanent and irreversible partial loss of vision.

The plaintiff commenced the present action in New York Supreme Court, Oneida County, by service of a Summons and Complaint on or about September 2, 1976. In his Complaint, plaintiff demanded damages in the amount of $150,000. The case was removed to this Court by the filing of a Petition by the United States Attorney on September 24, 1976.

There can be no doubt, and this Court so finds, that the defendants were acting, at all relevant times, as government employees associated with the Public Health Service. See 42 U.S.C. § 254b. Moreover, plaintiff's Complaint itself amply demonstrates that, at the times in question, the defendants were acting within the scope of their governmental employment. Plaintiff's sole remedy, then, lies with the Federal Tort Claims Act. 42 U.S.C. § 233(a).

■ Under the terms of the Federal Tort Claims Act, which represents a limited Congressional consent for the federal government to be sued, despite the doctrine of sovereign immunity, the filing of an administrative claim within two years of accrual of a cause of action is a jurisdictional prerequisite to the maintenance of a suit on that claim. 28 U.S.C. §§ 2401(b), 2675; *Kielwien v. United States*, 540 F.2d 676 (4th Cir. 1976), cert. den. 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976); *Szyka v. United States Secretary of Defense*, 525 F.2d 62 (2d Cir. 1975). Unlike a statute of limitations, this time limitation is jurisdictional and nonwaivable; in fact, it may even be raised by a court *sua sponte*. *Id.*; *Melo v. United States*, 505 F.2d 1026 (8th Cir. 1974); *College v. United States*, 411 F.Supp. 738 (D.Md.1976); see also 2A Moore's Federal Practice ¶ 8.17[2] (2d Ed. 1975).

■ The plaintiff has as much as conceded that his cause of action accrued longer

than two years prior to commencement of this action, and that no written administrative claim was filed with the Department of Health, Education and Welfare. (See, e. g. Reply Memorandum p. 9). He argues, however, that the government should be estopped from asserting this defense because the fact of defendants' government employment was shielded from both the plaintiff and the public.[1]

The courts which have considered the question, and there have been many, are virtually unanimous in holding that, strong equitable considerations notwithstanding, the two-year limitation period of 28 U.S.C. § 2401(b) cannot be tolled or waived. *See, e. g., Best Bearings Co. v. United States,* 463 F.2d 1177 (7th Cir. 1972); *Childers v. United States,* 442 F.2d 1299 (5th Cir. 1971), cert. den. 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971); *Pringle v. United States,* 419 F.Supp. 289 (D.S.C.1976); *Fallon v. United States,* 405 F.Supp. 1320 (D.Mont. 1976); *Binn v. United States,* 389 F.Supp. 988 (E.D.Wis.1975); *Hammond v. United States,* 388 F.Supp. 928 (E.D.N.Y.1975); *Baker v. United States,* 341 F.Supp. 494 (D.Md.1972); *Hoch v. Carter,* 242 F.Supp. 863 (S.D.N.Y.1965). This case is not so unlike those previously cited that it calls for an opposite result. As such, the plaintiff's claim, falling outside the terms of Congress's limited waiver of sovereign immunity, is extinguished.[2] *Thompson v. Dugan,* 427 F.Supp. 342 (E.D.Pa.1977).

The Clerk is directed to enter summary judgment in defendants' favor.

It is so ordered.

1. According to the plaintiff, all outward signs of the defendants' operation made reference to the Greater Winfield Medical Center; nowhere was the government's role brought to light. In support of this allegation, the plaintiff has submitted prescription forms, bearing both defendants' names and that of the Greater Winfield Medical Center, and cancelled checks indicating that plaintiff's payments were made to the Greater Winfield Medical Center.

2. The Court is not totally unmindful of the unfairness of this result. The facts of this case, however, do not present any stronger basis for

applying equitable estoppel principles, to preserve the claim, than those in a case of an automobile accident where the plaintiff is ignorant, until too late, of the fact that the allegedly negligent party is a government employee acting within the scope of his employment. See, e. g. *Kelley v. United States,* 568 F.2d 259 (2d Cir. 1978), in which the Second Circuit Court of Appeals allowed a suit, *filed within two years of the accident,* despite plaintiff's failure to first file a written administrative claim; see also, e. g. *Baker v. United States, supra.*