Amy BEWLEY, Individually, Jennifer Ann Bewley, by and through her mother and natural guardian, Amy Bewley, Alexander William Bewley, by and through his mother and natural guardian, Amy Bewley, Craig Joseph Oliveira, II, by and through his mother and natural guardian, Amy Bewley

v.

Christopher P. CAMPANILE, M.D., Americo D. Fraboni, M.D., Sarah J. Fessler, M.D., & The Memorial Hospital of Rhode Island.

No. 99–359T.

United States District Court, D. Rhode Island.

March 6, 2000.

Vincent D. Morgera, Boston, MA, Mark H. Grimm, Lang & Morgera, LLP, Providence, RI, for plaintiffs.

Anthony C. DiGioia, U.S. Attorney's Office, Providence, RI, for Christopher Campinale, MD, Americo Fraboni, MD, United States of America.

David W. Carroll, Roberts, Carroll, Feldstein & Peirce, Inc., Providence, RI, for Sarah J. Fessler, MD.

William F. White, Paul F. Galamaga, White & Galamaga, Providence, RI, for Memorial Hospital.

## MEMORANDUM OF DECISION

TORRES, Chief Judge.

Amy Bewley and her children brought this medical malpractice action against three doctors and a hospital for their alleged failure to diagnose and treat Amy Bewley for an infection she claims to have developed during childbirth. The United States, having previously substituted itself for two of the doctors, now moves to dismiss the claims against it for lack of subject matter jurisdiction.

The issue presented is whether the exhaustion requirement of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, applies to actions commenced against individual federal employees for whom the United States later is substituted as a defendant. Because I answer that question in the affirmative, the motion to dismiss is granted.

### Factual Background

On February 7, 1997, Amy Bewley was admitted to Memorial Hospital in Pawtucket, R.I., where she gave birth to a son. According to the Complaint, Bewley developed an infection during her hospital stay but her doctors failed to detect it and discharged her without properly treating it. Complications arose and Bewley was taken to Massachusetts General Hospital where she experienced seizures and a stroke that she claims resulted in permanent brain damage.

At the time of Bewley's admission to Memorial Hospital, Doctors Campanile and Fraboni, two of the original defendants, were full-time employees of Blackstone Valley Community Health Center, Inc. ("Blackstone Valley"), a federally funded health center, and were "on loan" to Memorial Hospital.

### Procedural History

Bewley commenced this action in Rhode Island Superior Court on July 10, 1998. Approximately one year later, the United States removed the case to this Court and moved, pursuant to the FTCA, to substitute itself as a defendant for Drs. Campanile and Fraboni. That motion was unopposed and was granted. The United States also filed the instant motion to dismiss the claims against it, as the substituted defendant, for lack of subject matter jurisdiction. More specifically, the United States argues that the plaintiffs have failed to exhaust their administrative remedies under the FTCA, as required by 28 U.S.C. § 2675(a). The plaintiffs contend that the exhaustion requirement is inapplicable because they did not bring this action against the United States.

### Discussion

#### A. Sovereign Immunity

It is "elementary" that the United States, as a sovereign, is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Thus, "the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Consent " 'cannot be implied but must be unequivocally expressed.' " *Mitchell*, 445 U.S. at 538, 100 S.Ct. 1349 (quoting *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). Accordingly, statutes purporting to waive the United States' sovereign immunity are strictly construed.

*See Mitchell*, 445 U.S. at 538, 100 S.Ct. 1349.

#### B. The Federal Tort Claims Act

The FTCA waives the United States' sovereign immunity with regard to various kinds of tort claims against the United States, including claims for personal injury allegedly caused by the negligence of government employees acting within the scope of their federal employment. *See United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). However, the statute attaches conditions to the waiver. If those conditions are not satisfied, the Court lacks subject matter jurisdiction over the lawsuit. *See McNeil v. United States*, 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). One of those conditions is the exhaustion requirement contained in 28 U.S.C. § 2675(a).

#### C. Section 2675

Section 2675(a) provides:

An action shall not be *instituted upon a claim against the United States* for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

28 U.S.C. § 2675(a) (emphasis added).[1]

Bewley argues that Section 2675(a) is inapplicable because this lawsuit was not "instituted upon a claim against the United

---

**1.** The "appropriate Federal agency" is the administrative agency whose activities gave rise to the cause of action. *See McNeil*, 508 U.S. at 112, 113 S.Ct. 1980.

States" since it was brought against the individual doctors and Memorial Hospital. The United States argues that because the claim, now, is one against it as a defendant, this is an action "instituted upon a claim against the United States."

Prior to 1988, at least two courts had read Section 2675(a) in the manner urged by the plaintiffs and had held the exhaustion requirement inapplicable to actions commenced against federal employees for whom the United States is later substituted. *See Kelley v. United States,* 568 F.2d 259, 264 (2d Cir.1978); *Harris v. Burris Chem. Inc.,* 490 F.Supp. 968 (N.D.Ga.1980) (holding that § 2675 is inapplicable when the plaintiff neither knew nor had reason to know the defendant was a federal employee at the time the complaint was filed).

However, in 1988, Congress amended the FTCA by enacting The Federal Employees Liability Reform and Tort Compensation Act of 1988, P.L. 100–694, 102 Stat. 4564, which commonly is referred to as the "Westfall Act."

Those amendments immunize federal employees from personal liability for claims seeking damages for injuries allegedly attributable to the employees' negligence while acting within the scope of their offices or employment, and the amendments make an action against the United States the exclusive remedy for such claims. *See* 28 U.S.C. § 2679(b)(1); *Aversa v. United States,* 99 F.3d 1200, 1207 (1st Cir.1996). In addition, the Westfall Act amendments make it clear that the FTCA's exhaustion requirements apply even to actions not originally brought against the United States. Thus, the FTCA, now, provides that an action in which the United States is substituted as a

party for a named defendant "shall proceed in the same manner as *any* action against the United States filed pursuant to section 1346(b) of this title [2] and shall be subject to the *limitations* and exceptions applicable to those actions." 28 U.S.C. § 2679(d)(4) (emphasis added).

The unqualified reference to "any" action against the United States strongly suggests that Congress did not intend to exempt from the exhaustion requirement claims made against the United States simply because they are asserted after an action is commenced. Moreover, it seems apparent that the exhaustion requirement of § 2675(a) is one of the "limitations" referred to in Section 2679(d)(4). *See Egan v. United States,* 732 F.Supp. 1248, 1250 (E.D.N.Y.1990). Indeed, if exhaustion were not one of those limitations, a plaintiff could circumvent the exhaustion requirement by commencing an action against an individual employee even though the individual was acting within the scope of federal employment.

Congress' manifest intent to require exhaustion in cases where the United States is substituted is underscored by the Westfall Act's adoption of 28 U.S.C. § 2679(d)(5). In cases where the United States is substituted as a defendant, that subsection provides relief from the two-year period of limitations, *see* 28 U.S.C. § 2401(b), for filing administrative claims under the FTCA. It allows a plaintiff in a lawsuit, whose claim is dismissed for failure to exhaust, to file an administrative claim within sixty (60) days after dismissal as long as the lawsuit was commenced within the time allowable for filing a claim.[3]

---

**2.** 28 U.S.C. § 1346(b) states in relevant part:

(1) Subject to the provisions of chapter 171 of this title, the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any

employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

**3.** The relevant text of Section 2679(d)(5) is as follows:

Unless Congress intended to apply the exhaustion requirement to cases in which the United States is substituted as a defendant, there would have been no reason to enact Section 2679(d)(5).

Unfortunately, it is possible that a future claimant may be snared in a trap not anticipated by Congress when it adopted § 2679(d)(5). For example, in states like Rhode Island, where the statute of limitations for personal injury actions is longer than the two-year period prescribed by the FTCA, a plaintiff, who is unaware of a prospective defendant's federal employment and waits more than two years to bring suit, could find that his claim against the United States is time-barred.

Whether such a claim would be subject to dismissal for failure to exhaust administrative remedies may depend upon the particular facts of that case. In any event, it is not a question presented in this case and it is best left for another day.

### Conclusion

Because the FTCA's exhaustion requirement applies to cases in which the United States is substituted after the action has commenced, the government's motion to dismiss the FTCA claims against the United States as the substituted defendant for Drs. Campanile and Fraboni is granted.

IT IS SO ORDERED.

Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a[n administrative] claim ... such a claim shall be deemed to be timely presented ... if (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.