Pauline I. PERRY, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 00–4021–RDR.

United States District Court, D. Kansas.

June 23, 2000.

Eugene B. Ralston, Ralston & Pope, L.L.P., Topeka, KS, for Pauline I. Perry, plaintiffs.

D. Brad Bailey, Mary K. Ramirez, Office of United States Attorney, Topeka, KS, for United States of America, defendants.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This action arises as the result of an automobile accident. This matter is presently before the court upon defendant's motion to dismiss.

On January 29, 1997, a collision occurred on the military reservation at Fort Riley, Kansas involving vehicles driven by plaintiff, Pauline I. Perry, and Michael Sternberg. Both plaintiff and Sternberg were active members of the United States Army at the time of the accident. Plaintiff initiated a negligence action in state court against Sternberg on January 7, 1999 seeking damages for injuries she suffered in the accident. On February 22, 2000, this action was removed to this court by the United States pursuant to 28 U.S.C. § 1446 with the allegation that "[t]he incident giving rise to [this] civil action occurred while the named defendant was a member of the United States Army and acting within the scope of his employment with the United States." The United States also filed a Notice of Substitution on that date, substituting the United States as a defendant for Sternberg.

In the instant motion, the defendant contends that this action must be dismissed because (1) plaintiff has failed to timely file an administrative claim pursuant to the Federal Tort Claims Act (FTCA); and (2) the *Feres*[1] doctrine bars plaintiff's claim of negligence.

The United States, as a sovereign, is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). The terms of the United States' consent to be sued in any court determine that court's jurisdiction to entertain the suit. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Statutes purporting to waive the United States' sovereign immunity are strictly construed. *Mitchell*, 445 U.S. at 538, 100 S.Ct. 1349.

The FTCA waives the United States' sovereign immunity with regard to various types of tort claims, including claims for personal injuries allegedly caused by the negligence of federal employees acting within the scope of their employment. *See United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). The FTCA, however, attaches conditions to the waiver. One of these conditions is the exhaustion requirement. An administrative claim must be filed before a suit can be brought in federal court under the FTCA. 28 U.S.C. § 2675(a); *Lurch v. United States*, 719 F.2d 333, 335 n. 3 (10th Cir.1983). The FTCA also makes clear that its exhaustion requirements apply even to actions not originally brought against the United States. 28 U.S.C. § 2679(d)(4) (actions in which the United States is substituted as a party "shall proceed in the same manner as any action against the United States filed pursuant to [the FTCA] and shall be subject to the limitations and exceptions applicable to those actions"). Here, plaintiff does not dispute that the FTCA is applicable and that she has not filed an administrative claim. Rather, she seeks to be excused from the exhaustion requirements of the FTCA.

---

1. In *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Supreme Court held that the FTCA's waiver of sovereign immunity did not encompass suits brought by service members for injuries sustained incident to their military service.

Plaintiff relies principally upon *Kelley v. United States,* 568 F.2d 259 (2nd Cir. 1978) [2] for her contention that she should be excused from the FTCA's exhaustion requirements. In *Kelley,* the Second Circuit held that a removed FTCA action need not be dismissed for failure to file an administrative claim where the statute of limitations for filing the claim had already expired, but the plaintiff did not know that the defendant was a federal employee. 568 F.2d at 262–268.

Following *Kelley,* Congress effectively overruled its reasoning by amending the FTCA through the enactment of the Federal Employees Liability Reform and Tort Compensation Act, commonly referred to as the Westfall Act. The Westfall Act makes it clear that the FTCA is the exclusive remedy for those injured by federal employees acting within the scope of their employment and that the exhaustion requirements apply even to actions which are not originally brought against the United States. 28 U.S.C. §§ 2679(b)(1), 2679(d)(4). With the passage of the Westfall Act, we do not find that *Kelley* should be applied. *See Bewley v. Campanile,* 87 F.Supp.2d 79, 81–82 (D.R.I.2000).

Because the FTCA's exhaustion requirement applies to cases in which the United States is substituted after the action has commenced, the defendant's motion to dismiss the plaintiff's FTCA claim must be granted. With this decision, we need not consider the defendant's argument that this action is barred by the *Feres* doctrine. If this argument arises in the future, it should be presented in a motion for summary judgment. *See Pringle v. United States,* 208 F.3d 1220, 1223 (10th Cir.2000).

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. # 11) be hereby granted. This action is hereby dismissed because plaintiff has failed to

properly exhaust her administrative remedies.

**IT IS SO ORDERED.**

---

2. Plaintiff also noted two other cases in her response to the defendant's motion to dismiss: *Henderson v. United States,* 429 F.2d 588 (10th Cir.1970) and *McGowan v. Williams,* 623 F.2d 1239 (7th Cir.1980). The court finds that neither of these cases concerns the issue presented here, i.e., plaintiff's failure to file a timely administrative claim as required by the FTCA.