**Ruth FLICKINGER, Plaintiff,**

v.

**UNITED STATES of America and Cowansville Area Health Clinic, Defendants.**

Civ. A. No. 81–913.

United States District Court, W. D. Pennsylvania.

Oct. 19, 1981.

Jerome D. Lombardi, David F. Megnin, Kittanning, Pa., for plaintiff.

Joel B. Strauss, Pittsburgh, Pa., George R. Kepple, Kittanning, Pa., for defendants.

## OPINION

COHILL, District Judge.

This personal injury action, now before this court on the government's motion to dismiss, once again illustrates the pitfalls often encountered by unwary private litigants suing employees of the federal government.

The facts of this case, as set forth in plaintiff's complaint, are rather simple. On Saturday, February 24, 1979, plaintiff Ruth Flickinger, a resident of Armstrong County, Pennsylvania, stepped on a thumb tack, causing a puncture wound to the ball of her right foot. She was treated at the Emergency Room of Armstrong County Memorial Hospital. Three days later, plaintiff's daughter telephoned defendant Cowansville Area Health Clinic ("Cowansville Clinic") and spoke with Nancy Mantini, a nurse-practitioner who was working at the Cowansville Clinic at that time. Plaintiff's daughter told Ms. Mantini that the toes on plaintiff's right foot were turning purple, that there was redness around the purple area, that the flesh around the base of the toes was very white, and that plaintiff was very cold. Ms. Mantini allegedly told plaintiff's daughter "not to worry, that purple was a good color." Complaint, ¶ 6.

On March 2, 1979, four days after this telephone conversation, plaintiff went to the Cowansville Clinic where a Clinic physician, after examining plaintiff's foot, immediately sent her to Armstrong County Memorial Hospital. There, plaintiff underwent surgery for amputation of the second and third toes of her right foot and removal of gangrenous tissue from the rest of that foot. This action ensued.

## I. Procedural Posture

Plaintiff originally instituted this suit against Nancy Mantini and the Cowansville Area Health Clinic in state court by filing a praecipe for a writ of summons on or about February 19, 1981. On May 22, 1981, plaintiff filed a complaint in the Court of Common Pleas of Armstrong County, Pennsylvania, in which she alleged that Ms. Mantini was negligent in, among other things, undertaking to provide plaintiff with a medical diagnosis and recommendation, failing to recognize obvious symptoms of infection and gangrene, failing to refer plaintiff to a medical doctor, and giving plaintiff inappropriate instructions regarding her condition. Plaintiff also alleged that Cowansville Clinic was negligent in failing to maintain adequate supervision and control over Ms. Mantini, failing to establish appropriate standard operating procedures by which to catch and correct misinformation given by its personnel, and failing to insure that its personnel were trained to recognize ailments such as that afflicting plaintiff or trained to be aware of their inability to recognize such ailments.

On June 5, 1981, the United States Attorney for the Western District of Pennsylvania filed a petition to have the United States substituted as a defendant in place of Ms. Mantini and to remove the action to the United States District Court for the Western District of Pennsylvania. At the same time, the United States Attorney filed a certification that at the time of the incident in question, Ms. Mantini was an employee of the United States Public Health Service and was acting within the scope of her employment. On June 8, 1981, this

court entered an order substituting the United States as a defendant in place of Ms. Mantini and directing that the case proceed as a tort action against the United States under section 1346(b) of the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

The United States now moves to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(2), and 12(h)(3) on the grounds that this court lacks jurisdiction over the subject matter and over the person of the United States because plaintiff failed to file an administrative claim, as required by the Federal Tort Claims Act, prior to filing this action and because the two-year period within which plaintiff could file such a claim has expired. This court has jurisdiction pursuant to 28 U.S.C. § 1346(b).

## II. Analysis

■ Because Nancy Mantini was a federal employee acting within the scope of her employment at the time of the incident in question, plaintiff's exclusive remedy with respect to Ms. Mantini's alleged negligence is an action against the United States under the Federal Tort Claims Act ("FTCA"). 42 U.S.C. § 233(a).[1]

Section 2675(a) of the Federal Tort Claims Act provides that:

An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his . . . employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing. . . .

Section 2401(b) of that Act, the applicable statute of limitations, provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the . . . agency within two years after such claim accrues. . . ." This provision applies to cases removed from state court as well as to cases filed in federal court. *See Meeker v. United States*, 435 F.2d 1219, 1221–22 (8th Cir. 1970); *Reiser v. Di Pietro*, 78 F.R.D. 541 (N.D.Ill.1978).

Plaintiff concedes that her claim accrued more than two years prior to the commencement of this action and that she never filed a written administrative claim with the Department of Health and Human Services or with any federal agency. However in response to the government's motion to dismiss, plaintiff argues that the government should not be permitted to assert sections 2675(a) and 2401(b) as defenses where, as here, plaintiff had no knowledge of defendant's employment status. In the alternative, plaintiff asserts that even if filing a claim within the two-year period is a jurisdictional prerequisite, plaintiff's filing of an action in state court satisfied the section 2675(a) filing requirement. We reject both of plaintiff's arguments for reasons hereinafter set forth, and accordingly, we grant the government's motion to dismiss.

a.) *Lack of Knowledge of Ms. Mantini's Employment Status*

Plaintiff submitted an affidavit in which she attested that at no time prior to this lawsuit was she aware that Nancy Mantini had any relationship with any agency of the federal government. We rejected at the time of oral argument the government's assertion that because the assignment of a Public Health Service employee to the Cowansville Clinic was engineered largely through the efforts of a community-based organization, plaintiff necessarily must have been aware of Ms. Mantini's relationship with an agency of the federal government, to-wit, the Department of Health and Human Services. Therefore, the only issue

---

1. 42 U.S.C. § 233(a) provides in relevant part:
   The remedy against the United States provided by sections 1346(b) and 2672 of Title 28 . . . for damage for personal injury . . . resulting from the performance of medical . . . or related functions . . . by any . . . employee of the Public Health Service while acting within the scope of his . . . employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the . . . employee . . . whose act or omission gave rise to the claim.

that we must resolve is whether a plaintiff's lack of knowledge of a defendant's employment relationship with the federal government can operate to bar defenses grounded on the limitation of actions provisions of the FTCA.

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941) (citations omitted). Congress created a limited waiver of sovereign immunity in the Federal Tort Claims Act. *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). That waiver allows suit only on prescribed terms and conditions. *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967); *Battaglia v. United States*, 303 F.2d 683, 685 (2d Cir. 1962). Thus, although the FTCA allows suits against the government for torts committed by its employees while acting within the scope of their employment, as noted earlier, the Act specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit under the Act. 28 U.S.C. § 2675(a). Because the FTCA constitutes a waiver of sovereign immunity, courts should strictly construe the limitation period established by Congress. *See United Missouri Bank South v. United States*, 423 F.Supp. 571, 577 (W.D. Mo.1976) (limitation provision of FTCA not to be extended by equitable considerations); *Thompson v. Dugan*, 427 F.Supp. 342, 344 (E.D.Pa.1977) (exceptions to the limitation provision not to be implied); *Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir.), *cert. denied*, 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971).

Applying this principle, courts almost uniformly have dismissed complaints where the plaintiff failed to file a claim with the appropriate federal agency within the two-year limitation period, even though plaintiff's failure to timely submit a claim resulted from his ignorance of defendant's status as a government employee. For example, in *Lien v. Beehner*, 453 F.Supp. 604 (N.D.N.Y.1978), plaintiff sought medical assistance from the defendants, both of whom were practicing medicine at a medical center located in New York. The plaintiff alleged that the defendants failed to properly diagnose and treat his ailment, which he subsequently discovered, through an independent diagnosis, to be diabetes. As a result of the defendants' alleged negligence, plaintiff suffered a permanent and irreversible partial loss of vision. The plaintiff in *Lien* conceded that his claim accrued more than two years prior to commencement of the action and that he had not filed a written administrative claim with the appropriate federal agency. He argued, however, that the government should be estopped from asserting the statute of limitations defense because the government allegedly shielded the fact of defendants' public employment from both the plaintiff and the public. Noting that it was not "totally unmindful of the unfairness of [its] result, "*Id.* at 606, n. 2, the court nonetheless granted defendants' motions for summary judgment. The court stated that "strong equitable considerations notwithstanding, the two-year limitation period of 28 U.S.C. § 2401(b) cannot be tolled or waived." *Id.* at 606. Plaintiff's claim, because it fell outside the terms of Congress's limited waiver of sovereign immunity, was extinguished. *Id.*

The court in *Driggers v. United States*, 309 F.Supp. 1377, 1379 (D.S.C.1970), also expressly rejected the contention that a plaintiff need not file an administrative claim within two years of the date of an accident simply because the plaintiff was unaware that the individual defendant was a government employee acting in the course of his employment at the time of the accident. *See also Steele v. United States*, 599 F.2d 823 (7th Cir. 1979) (tort claim against Federal Aviation Administration accrued at time of injury even though plaintiff unaware at that time that agency of United States was party allegedly negligent in failing to warn about power switch that caused electrical shock to plaintiff; case dismissed

for failure to file timely administrative claim); *West v. United States*, 592 F.2d 487, 492 (8th Cir. 1979) (medical malpractice claim accrued on date plaintiffs learned of injury and not date when they discovered status of doctor as federal employee acting within scope of employment; case dismissed for failure to file timely administrative claim).

In opposition to the government's motion to dismiss, plaintiff relies heavily upon *Kelley v. United States*, 568 F.2d 259 (2d Cir.), *cert. denied*, 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978). In that case, the Second Circuit departed from strict adherence to the filing requirement set forth in section 2675(a). The circuit court affirmed a district court ruling that permitted an action commenced in state court against an individual defendant within the two-year FTCA statute of limitations to be maintained against the United States in federal court even though plaintiffs had not filed an administrative claim within two years after their claim accrued.

It is far from clear that *Kelley* is good law in this circuit. *Cf. Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971) (2675(a) filing requirement "cannot be waived"). In any event, the *Kelley* case is distinguishable from the instant case. The result in *Kelley* was predicated upon the peculiar circumstances of that case. The plaintiffs in *Kelley* instituted an action against a federal employee in state court within the two-year period of 28 U.S.C. § 2401(b). After the two-year period had expired, the government petitioned for removal, to be substituted in place of the individual defendant, and for dismissal for failure to file an administrative claim within two years. The district court found that the government had "lull[ed] plaintiffs into a false sense of security by waiting until plaintiffs' time to file an administrative claim had expired and thereupon [moving] to be substituted and to dismiss." *Kelley v. United States*, 568 F.2d at 262. The Second Circuit, in affirming, characterized the case as one of "innocent ignorance or ingenuous blunder." *Id.*

In the case at bar, the operative facts giving rise to the court's decision in *Kelley* are not present. Although plaintiff filed a praecipe for a writ of summons on or about February 19, 1981, thus satisfying the two-year state statute of limitations, she did not file the complaint in her state court action until May 22, 1981, thus first giving defendant notice of the circumstances giving rise to the suit well past two years after her claim had accrued. The government filed its petition on June 5, 1981, thus acting promptly to remove the action to district court. Thus, we are not faced with the case of intentional government delay presented in *Kelley*.

The present mandatory administrative claims procedure was added to the Federal Tort Claims Act in 1966. Act of July 18, 1966, Pub. L. No. 89–506, 80 Stat. 306. The purpose of this procedure is not to make recovery from the government technically more difficult. Rather, insisting upon prior presentation of the claim to the affected agency is designed to improve and expedite disposition of monetary claims against the government by establishing a system for prelitigation settlement, to enable consideration of claims by the agency having the best information concerning the incident, and to ease court congestion and avoid unnecessary litigation. S. Rep. No. 1327, 89th Cong., 2d Sess. (1966), *reprinted in* [1966] U.S. Code Cong. & Ad. News 2516.

We are not alone in our recognition that strict adherence to the requirements of the FTCA often works a substantial hardship on plaintiffs and may bring about unjust results. *See Dunaville v. Carnago*, 485 F.Supp. 545, 548 (S.D. Ohio 1980) ("Although recognizing the hardship resulting to plaintiff herein, the Court has no choice but to apply the law as it finds it."); *Baker v. United States*, 341 F.Supp. 494, 496 (D.Md.1972) ("If this case is appealed, I would be happy to be reversed.") However, to accept plaintiff's argument would in effect be rewriting the FTCA to allow a blanket exception to sections 2675(a) and 2401(b) whenever a plaintiff is not aware at the outset of defendant's employment sta-

tus. "Although exceptions to the applicability of the limitations period might occasionally be desirable, we are not free to enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit." *Mann v. United States*, 399 F.2d 672, 673 (9th Cir. 1968). It is the prerogative of Congress, not that of the courts, to make any such change. *Wollman v. Gross*, 637 F.2d 544, 549 (8th Cir. 1980), *petition for cert. filed*, 50 U.S. L.W. 3141 (U.S. Sept. 8, 1981) (No. 81–33).

### b.) *Filing a State Court Suit*

Plaintiff argues, in the alternative, that even if 28 U.S.C. §§ 2675(a) and 2401(b) apply given the facts of this case, plaintiff fulfilled the requirements set forth in those sections by filing her action in state court, thus putting the government on notice of her claim. There is no merit to this contention. "Filing suit does not meet the requirement of first presenting a claim to the appropriate governmental agency." *Gunstream v. United States*, 307 F.Supp. 366, 369 (C.D.Cal.1969); *Meeker v. United States*, 435 F.2d 1219, 1221 (8th Cir. 1970). "The statute requires that the *claim* be presented to the agency within two years, not that the Government be put on *notice* that such a claim will be forthcoming." *Miller v. United States*, 418 F.Supp. 373, 376 (D.Minn.1976) (emphasis in original).

Jurisdiction over plaintiff's complaint against the United States was based on the Federal Tort Claims Act. The filing of a timely administrative claim is a jurisdictional requirement under that Act. *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971). Plaintiff's failure to comply with the statutory directive thus deprives this court of jurisdiction. Accordingly, we will grant the government's motion to dismiss. There being no independent jurisdictional basis to support plaintiff's complaint against the Cowansville Clinic, we also will dismiss plaintiff's complaint against the Clinic. Therefore, we need not address the Clinic's motion for leave to file a third-party complaint against the United States.