Richard J. KOZEL and Karen E. Kozel, Plaintiffs,

v.

Leonard P. DUNNE, John Doe 1–5, John Doe, Inc., 1–5, and The United States of America, Defendants.

Civ. A. No. 87–3336.

United States District Court,
D. New Jersey.

Jan. 12, 1988.

Gerald M. Freundlich, Clifton, N.J., for plaintiffs.

Zavesky, Kelly & Madden by John E. Madden, Roseland, N.J., for defendant Dunne.

Samuel A. Alito, Jr., U.S. Atty. by James C. Woods, Asst. U.S. Atty., Newark, N.J., for defendant U.S.

OPINION

DEBEVOISE, District Judge:

This is an action by Richard J. Kozel and his wife Karen E. Kozel against Leonard P. Dunne, the United States, and several unnamed defendants for damages suffered by Mr. Kozel as a result of a car accident in which an automobile driven by Dunne collided with Kozel's automobile, at the time of the accident, Dunne was a federal employee. Plaintiffs allege that this court has diversity jurisdiction over the claims against defendant Dunne, and jurisdiction pursuant to 28 U.S.C. sec. 1346(b) over the claims against the federal government.

The matter is before the court on the motion of defendant United States to dismiss the claims against it for lack of subject matter jurisdiction, and plaintiffs' motion for an order (1) scheduling a hearing regarding whether Dunne was acting in the scope of his employment at the time of the accident, and (2) ordering the Internal Revenue Service ("IRS") to "provide full information and discovery concerning this incident to include disclosure of any internal Rules or Regulations regarding notice to potential Claimants."

I. RELATED CASES

Plaintiffs have also filed an action in the New Jersey Superior Court, Law Division against Leonard P. Dunne, the United States, and several unnamed defendants

for damages suffered by Mr. Kozel as a result of the accident. The claims against the United States in the state court action have been voluntarily dismissed, and the case has been placed on the "inactive" list pending the results of the proceedings in this court.

In a related case in this court, the Government Employees Insurance Company ("GEICO"), the insurer of Dunne's automobile, seeks a declaratory judgment declaring that (1) at the time of the accident, Dunne was acting within the scope of his employment, and (2) the United States is therefore required by the Federal Driver's Act, 28 U.S.C. sec. 2679(b), to defend and indemnify Dunne in this action and the state court action. GEICO also seeks injunctive relief enjoining the Kozels from proceeding in their federal and state actions and staying the state court action "until the issue herein is resolved." *Government Employees Insurance Company v. United States*, Civ. No. 87–4026 (D.N.J. filed Oct. 2, 1987). The government and the Kozels, defendants in that case, moved for a summary judgment of dismissal.

█ I am (1) consolidating the *GEICO* action with this case, and (2) granting summary judgment dismissing the complaint in *GEICO* because the undisputed facts establish that Dunne was not acting within the scope of his employment at the time of the accident.

## II. DISCUSSION

Because I have determined in the *GEICO* action that Dunne was not acting in the scope of his employment at the time of the accident, no hearing on this issue is necessary in the instant case, and plaintiffs' motion to set a date for a hearing on that issue will be denied.

### A. *The United States' Motion to Dismiss*

Defendant United States contends that this action against it is not allowed under the Federal Tort Claims Act, 28 U.S.C. sections 1346(b) and 2671, *et seq.*, because plaintiff did not submit a claim form to the IRS within two years of the date of his injury.

### 1. *Facts*

The following facts have been alleged by plaintiffs in their complaint and in an affidavit, and are therefore assumed to be true for the purposes of the present motions. On April 15, 1985, plaintiff Richard J. Kozel was driving his automobile toward an exit ramp in a public parking garage in Paterson, New Jersey. As he approached the ramp, defendant Dunne drove up the ramp and collided with plaintiff's car. Plaintiffs allege that Dunne caused the accident by driving with excessive speed and failing to properly negotiate the ramp. Plaintiffs also allege that as a result of the accident, Richard Kozel suffered several injuries, including a herniated lumbar disc and injuries to his left knee.

At the time of the accident, Dunne was employed by the United States Internal Revenue Service. Plaintiff alleges, and for the purposes of the present motions it is assumed, that Dunne filed with the IRS an "internal report" on the accident. However, until May 5, 1987, neither Dunne nor the IRS informed plaintiff that Dunne was a federal employee. Plaintiff alleges that the IRS's failure to so notify him was a violation of IRS procedures. Dunne's federal employment was not evident in the papers concerning the accident Dunne furnished to plaintiff and the Paterson police department, and the fact never surfaced during negotiations between plaintiff and Dunne's private insurance carrier.

On March 31, 1987, plaintiffs filed an action (apparently similar to the present suit) against Dunne and several unidentified defendants in the New Jersey Superior Court, Law Division. On May 5, 1987, the Internal Revenue Service informed plaintiff's attorney that Dunne was employed by the IRS. This letter was the first indication to plaintiff or his attorney that Dunne was employed by the federal government.

On May 8, 1987, plaintiff submitted to the IRS an administrative claim form for the accident. On or about the same date,

plaintiffs amended their state court complaint to name the United States as an additional defendant. Plaintiff's claims against the United States in the state court action have been voluntarily dismissed, and the case has been placed on the "inactive" list pending the outcome of this case.

### 2. *Legal Standards*

The Act provides that:

> An action shall not be instituted upon a claim against the United States for money damages for ... personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his ... employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.

28 U.S.C. sec. 2675(a). The Act also provides that a tort claim against the United States is "forever barred unless it is first presented in writing to the appropriate Federal Agency within two years after such claim accrues...." 28 U.S.C. sec. 2401(b).

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941) (citations omitted). Congress created a limited waiver of sovereign immunity in the Federal Tort Claims Act. *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). That waiver allows suit only on prescribed terms and conditions. Thus, although the Act allows suit against the government for torts committed by its employees while acting within the scope of their employment, as noted earlier, it specifically requires an initial presentation of the claim within two years to the appropriate federal agency and a final denial by that agency as a prerequisite to suit. 28 U.S.C. sec. 2675(a). *See Flickinger v. United States*, 523 F.Supp. 1372 (W.D.Pa.1981).

### 3. *Analysis*

In opposing federal defendant's motion, plaintiffs contend that the two-year requirement in the Act should not bar this suit because plaintiff was not aware of Dunne's federal employment status until after the limitation period expired, and because the IRS did not inform plaintiff of this fact although it was aware of the accident. Plaintiffs do not allege that the IRS or Dunne affirmatively concealed Dunne's federal employment status.

The language of the Act does not make clear whether courts should allow any exceptions to its two year limitations period. There is a significant and unresolved split among the Circuits concerning whether equitable circumstances ever justify allowing a suit despite noncompliance with section 2675(a) or 2401(b). *See Henderson v. United States*, 429 F.2d 588 (10th Cir.1970) (limitations period in the Act should not bar a claim where the plaintiff mistakenly sues a driver individually because she is unaware of the defendant's employment status at the time of the accident); *Kelley v. United States*, 568 F.2d 259 (2d Cir.), *cert. denied*, 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed. 2d 124 (1978) (same result as in *Henderson*); *Wollman v. Gross*, 637 F.2d 544 (8th Cir.1980) (two year statute of limitations bars suit despite obscurity of government employee's status at time of accident); *Wilkinson v. United States*, 677 F.2d 998 (4th Cir.), *cert. denied*, 459 U.S. 906, 103 S.Ct. 209, 74 L.Ed.2d 167 (1982) (same result as in *Wollman*). *See generally*, Note, *Statute of Limitations Under the Federal Tort Claims Act:* Wilkinson v. United States, 59 N.Y.U.L.Rev. 1345 (1984).

The Third Circuit has not, to my knowledge, confronted a situation where a plaintiff sued a federal employee within two years after an accident but failed to timely submit a claim because he was not aware of the defendant's employment status until after the period had run. However, it has addressed the general issue whether the Act's limitation period can be extended for equitable reasons, and it has answered in the negative.

In *Bialowas v. U.S.*, 443 F.2d 1047 (3d Cir.1971), the plaintiff submitted a postal service personal injury claim form within two years after a mail truck had struck his car, but failed to complete the form properly. In affirming the district court's dismissal of the plaintiff's suit against the government, the Third Circuit construed section 2401(b) strictly, holding that the government had not waived that section's two-year claim submission requirement despite its receipt of the form from plaintiff and its communications to plaintiff concerning resubmission of the form. "This requirement[,]" the court held, "is jurisdictional and cannot be waived." 443 F.2d at 1049. The court in *Peterson v. United States*, 694 F.2d 943, 944–45 (3d Cir.1982), in reversing a district court holding on procedural grounds, stated that "an injured person must comply with the applicable terms and conditions prescribed by Congress [in the Act], including strict observance of the limitations period, which cannot be extended by equitable considerations." (Citations omitted.) *See also Gleason v. United States*, 458 F.2d 171, 173 (3d Cir. 1972) (limitations in Act on plaintiff's right to sue federal government are jurisdictional).

The district courts in this Circuit have applied the requirements of the Act strictly in situations similar to the one at bar. For example, in *Flickinger v. United States*, 523 F.Supp. 1372 (W.D.Pa.1981), the court dismissed a malpractice suit against a federal employee for the plaintiff's failure to file an administrative claim within two years of her injury, despite the fact that the plaintiff did not know that the nurse who treated her was a federal employee until the two year period had expired. *See also Insurance Company of North America v. United States*, 561 F.Supp. 106, 117–18 (E.D.Pa.1983).

I believe that the Third Circuit's strict approach to the requirements of the Act requires me to dismiss this case and to deny plaintiffs' motion for an order requiring the IRS to "provide full information

and discovery" regarding the incident. According to the holding in *Bialowas* and the statements in *Peterson* and *Gleason*, this court simply does not have power to hear a plaintiff's claim under the Act unless the requirements of sections 2675 and 2401 have been met. Plaintiff's innocent ignorance of Dunne's federal employment status and the IRS' failure to notify plaintiff are therefore not material to the question whether jurisdiction exists.

■ Plaintiff's argument that I should follow *Kelley*, a Second Circuit case, is without merit. I am obligated to follow the law of the Third Circuit, not the Second Circuit. The Third Circuit law requires dismissal whenever a plaintiff has not filed an administrative claim within two years of the accrual of the claim, and therefore this action will be dismissed as to the United States.[1]

**B. Dismissal of the Action Against Dunne**

The state court action should be allowed to proceed without danger of conflicting determinations from this court. In addition, the parties have expressed their wish that the judgment be crafted in such a way that all of today's rulings in both this case and the *GEICO* case are appealable together. I shall therefore dismiss without prejudice the action against Dunne, the remaining defendant.

**III. CONCLUSION**

The motion of defendant United States to dismiss the claims against it will be granted; plaintiffs' motion for a hearing will be denied; and the action against Dunne will be dismissed without prejudice.

---

**1.** Plaintiffs also cryptically suggest in their brief that this case should be remanded to state court. The action was instituted in this court, not in the state court. Therefore, there is no basis to remand this case to a state court.