GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
Plaintiff,

v.

UNITED STATES of America, Richard
J. Kozel and Karen E. Kozel,
Defendants.

Civ. A. No. 87–4026.

United States District Court,
D. New Jersey.

Jan. 12, 1988.

Stein, Bliablias, McGuire & Pantages by James L.A. Pantages, Anthony C. DiLella, Livingston, N.J., for plaintiff.

Samuel A. Alito, Jr., U.S. Atty. by James C. Woods, Asst. U.S. Atty., Newark, N.J., for defendant U.S.

Gerald M. Freundlich, Clifton, N.J., for defendants Kozel.

OPINION

DEBEVOISE, District Judge:

This matter is before the court on the motion of plaintiff, the Government Employees Insurance Company ("GEICO"), for summary judgment; the cross-motion of defendant United States to dismiss for lack of subject matter jurisdiction; and the cross-motions of defendants United States and Richard and Karen Kozel for summary judgment dismissing the complaint. For the reasons stated below, defendants' cross-motions for summary judgment are granted.

I have consolidated *Kozel v. Dunne*, 678 F.Supp. 450 No. 87–3336 (D.N.J.) with the present action. Many of the facts pertinent to this decision are set forth in my bench opinion filed today in *Kozel v. Dunne*. In that action, Richard J. Kozel and his wife Karen E. Kozel sued Leonard P. Dunne, the United States, and several unnamed defendants for damages suffered by Mr. Kozel as a result of a car accident in which an automobile driven by Dunne collided with Kozel's automobile.

Dunne is a federal employee, and GEICO is the insurer of Dunne's automobile. In the present action, GEICO alleges that the United States is required under the Federal Driver's Act, 28 U.S.C. sec. 2679(b), to defend and indemnify Dunne in the state and federal actions by virtue of the fact that Dunne was acting in the scope of his federal employment at the time of the accident. GEICO seeks declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. sec. 2201 and 2202, including

a declaration that Mr. Dunne was acting in the scope of his employment with the federal government at the time of the automobile accident, and an order enjoining the Kozels from proceeding in their federal and state actions and staying the state court action "until the issue herein is resolved."[1]

In *Kozel, et al. v. Dunne, et al.*, 678 F.Supp. 450 No. 87–3336, today I granted the motion of defendant United States to dismiss the claims against it for lack of subject matter jurisdiction, holding that the plaintiffs had not satisfied the procedural requirements of the Federal Tort Claims Act for filing a claim against the federal government.

## STANDARD ON A MOTION FOR SUMMARY JUDGMENT

In order to prevail on a motion for summary judgment, the moving party must establish that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed. 2d 538 (1986), *rev'g.* 723 F.2d 238 (3d Cir. 1983). The opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Sound Ship Building Co. v. Bethlehem Steel Co.*, 533 F.2d 96, 99 (3d Cir.), *cert. denied*, 429 U.S. 860, 97 S.Ct. 161, 50 L.Ed.2d 137 (1976). All evidence submitted must be viewed in a light most favorable to the party opposing the motion. *Wahl v. Rexnord*, 624 F.2d 1169, 1181 (3d Cir.1980). However, the Supreme Court recently explained that in evaluating the evidence presented, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 106 S.Ct. at 1356.

## FACTS

The only issue to be determined on the cross-motions for summary judgment is whether Dunne was acting in the scope of his employment at the time of the accident. The following facts, which are drawn from affidavits submitted by the parties, are undisputed. Dunne is employed with the United States Internal Revenue Service ("IRS"), where he has been an agent since 1973. His assigned office since January 1984 has been in New Brunswick, New Jersey. During March and April of 1985, Dunne was temporarily assigned to the IRS office in Paterson, New Jersey. Because of the relocation, Dunne received expenses for traveling to and from work and was given a one-hour "travel allowance," which authorized him to commence his work day at 10:00 A.M., instead of the usual 9:00 A.M. starting time, and to end the day at 5:30, the normal finishing time for employees. He was allowed to take a lunch break at his convenience.

The IRS Paterson office is not equipped with lunch facilities. The IRS does not restrict the area in which employees can go out to lunch. As a result of his late starting time, Dunne would normally break for lunch at a later time than he would if he arrived at work at 9:00 A.M. At Dunne's later lunch hour, fewer restaurants were open, and Dunne, who was not familiar with the Paterson area, frequently dined at a fast food restaurant that was not within walking distance from work. Dunne was driving back to work from this restaurant when the accident occurred between 3:00 and 3:15 on April 15, 1985.

Both the United States and Richard and Karen Kozel have submitted affidavits pointing to the existence of lunch facilities within walking distance of the Paterson IRS office that would have been open at the time of the accident. Neither GEICO nor Dunne denies the existence of these facilities or the fact that they would have been available to Dunne for his lunch hour on the day of the accident.

---

**1.** On December 11, 1987, I granted plaintiff's motion to amend the complaint to correct a typographical error in the original complaint.

## DISCUSSION

In New Jersey, the doctrine of *respondeat superior* will hold an employer liable for the torts of its employees only when the employee was acting within the scope of his employment. *Gilborges v. Wallace*, 78 N.J. 342, 351, 396 A.2d 338 (1978). The difficulty of defining the phrase "scope of employment" has prompted one New Jersey court to note that "[t]he term 'scope of employment' for present purposes is an elastic one, and none of the commonly found definitions thereof can be relied upon with assurance either for negative or affirmative absolute criteria of liability." *Roth v. First National State Bank of New Jersey*, 169 N.J.Super. 280, 285, 404 A.2d 1182 (1979).

The New Jersey Supreme Court has turned to the definition of scope of employment as found in 1 Restatement, Agency 2d (1958) to address the issue of when an employee is acting within the scope of his employment. *Di Cosala v. Kay*, 91 N.J. 159, 169, 450 A.2d 508 (1982); *Comm'l Union Insurance Co. v. Burt Thomas–Aitken Construction Co.*, 49 N.J. 389, 392 n. 1, 230 A.2d 498 (1967).[2] The Restatement, at Section 228, provides that

(1) Conduct of a servant is within the scope of employment if, but only if:

(a) it is of the kind he is employed to perform;

(b) it occurs substantially within the authorized time and space limits;

(c) it is actuated, at least in part, by a purpose to serve the master, and ...

(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond authorized time or space limits, or too little actuated by purpose to serve the master.

In driving to a fast food restaurant for his lunch break, Dunne was not acting within the scope of his employment for several reasons. First, his conduct was not of the kind he is employed to perform. Plaintiff does not contend that Dunne is paid for his lunch period or that he was entitled to reimbursement for the lunch he ate. Moreover, there was no business purpose served by driving to lunch, since eating establishments within walking distance of Dunne's office were open at the time of his break. Second, Dunne's conduct did not occur substantially within the authorized time and space limits of his job. Plaintiff does not contend that Dunne's duties at the Paterson IRS office included field work outside of the office that might entail driving.

Third, Dunne's conduct was not actuated by a purpose to serve the master. Plaintiff has shown no business purpose for the excursion other than to contend that the lunch served the IRS' purposes by increasing his efficiency. Plaintiff cites *Hornyak v. Great Atlantic and Pacific Tea Company*, 63 N.J. 99, 305 A.2d 65 (1973). However, *Hornyak* did not involve the scope of employment doctrine for purposes of *respondeat superior* liability. Rather, that case applied a provision of the New Jersey Worker's Compensation Act, N.J.S.A. 34:15–1 *et seq.*, which provides that compensation shall be paid for death or injury by accident arising out of and in the course of the employment. The "course of employment" doctrine, which New Jersey courts apply liberally to effect the humane purposes of the worker's compensation statute, does not govern this case. *See Pickering v. Daniel J. Keating Co.*, 460 F.2d 820, 823 (3d Cir.1972).

## CONCLUSION

Plaintiff's motion for summary judgment will be denied. Defendants' cross-motions for summary judgment will be granted,

---

**2.** In *Commercial Union Insurance Co.*, the Superior Court Appellate Division applied Section 228 of the Restatement in holding a bank liable for the negligence of a notary who was also an employee. In reversing the Appellate Division, the Supreme Court tacitly approved the use of the Restatement definition of scope of employ-ment, though it did not apply it in reaching its conclusion. In *Di Cosala v. Kay*, the Supreme Court applied the Restatement definition in finding that an employee of a boy scout camp was not acting within the scope of employment at the time of a shooting accident.

and the complaint will be dismissed. I shall sign an appropriate form of order.