BRADLEY, Stephen G., Sr. and Bradley, Stephen M., Jr. and Bradley, Regina and Bradley, Timothy, Appellants,

v.

UNITED STATES.

No. 88–1217.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6) Aug. 30, 1988.

Decided Sept. 9, 1988.

Rehearing and Rehearing In Banc Denied Oct. 5, 1988.

E. William Hevenor, Rosengarten & Richmond, Philadelphia, Pa., for appellants.

Susan Dein Bricklin, Asst. U.S. Atty., Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Philadelphia, Pa., for appellee.

Before SLOVITER, GREENBERG and COWEN, Circuit Judges.

### OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter is before the court on an appeal from a summary judgment in favor of the defendant, United States of America, in this automobile accident case involving a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

The facts and procedural history are as follows.[1] Plaintiffs, Stephen G. Bradley, Sr., Stephen M. Bradley, Jr., Regina Brad-

---

1. Our scope of review is plenary. *United States v. Adams,* 759 F.2d 1099, 1106 (3d Cir.), *cert.* *denied,* 474 U.S. 906, 971, 106 S.Ct. 275, 336, 88 L.Ed.2d 236 (1985).

ley and Timothy Bradley on June 26, 1985 while in an automobile were involved and injured in an accident with a vehicle owned and operated by Donald Seibel on Interstate 295 in Bellmawr, New Jersey. Seibel was a civilian employee of the United States Navy traveling within the scope of his government employment. Seibel reported the accident to his private insurance carrier and to the Judge Advocate General's Office of the Navy. On July 5, 1985 an attorney representing the Bradleys wrote Seibel's insurance carrier and indicated she represented them. On July 26, 1985 the carrier responded in a routine letter asking for medical reports and bills verifying special damages. The carrier's letter stated that when its investigation was completed it would get in touch with the attorney. The matter was not, however, settled with the private carrier. Indeed, we see no indication in the record that serious negotiations were undertaken, and after August 7, 1985 there were no written communications between the Bradleys' attorney and the carrier until subsequent to the filing of this action. The Bradleys assert that neither they nor their attorney knew of Seibel's status as a government employee during this preliminary pre-complaint stage of this case. Accordingly, they did not comply with the notice provisions of the Federal Tort Claims Act. *See* 28 U.S.C. § 2675(a).

On June 23, 1987 the Bradleys filed this action against Seibel, jurisdiction being asserted on the basis of diversity of citizenship.[2] While it appears that Seibel was originally represented by a private attorney, on October 27, 1987 the government filed a motion to substitute the United States as a defendant and to dismiss the complaint as Seibel was a government employee acting within the scope of his employment at the time of the accident. The motion to substitute was granted without objection on January 4, 1988 but the decision on the motion to dismiss was deferred.

On February 29, 1988 the district judge filed an order and memorandum opinion which treated the government's motion as a motion for summary judgment and dismissed the action. He pointed out that the Bradleys stipulated that Seibel was acting within the scope of his employment at the time of the accident and thus the United States had been substituted as defendant. 28 U.S.C. § 2679(b); Fed.R.Civ.P. 17(a). He also indicated that the Bradleys admitted not having filed an administrative claim within two years of the accident so that the action would ordinarily be barred. *See* 28 U.S.C. § 2401(b); 28 U.S.C. § 2675(a). He then rejected the Bradleys' legal argument that the action was not time barred, a contention they predicated on the circumstance that prior to July 30, 1987 they were not aware of Seibel's status at the time of the accident. In rejecting this argument the judge reasoned that the filing of an administrative claim was a "jurisdictional prerequisite" to the action. He pointed out that some courts have waived the administrative filing where fairness dictated, but here the Bradleys were not entitled to such relief because the government did not know that a lawsuit was imminent and was not required to advise the Bradleys of Seibel's status. He further noted that the Bradleys had filed the action only days before the two-year Pennsylvania statute of limitations ran and that the Bradleys failed to discover Seibel's status because of a lack of investigation rather than because it was hidden. This appeal followed.

In discussing the merits we first set forth the germane statutes. 28 U.S.C. § 2674 provides that the United States shall be liable under the Federal Tort Claims Act in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 1346(b) provides that the district court shall have exclusive jurisdiction over the actions described in 28 U.S.C. § 2674.[3] However, 28

---

2. In the Bradleys' appellate brief they recite that the case was referred to their current counsel just prior to the expiration of the time for action under the statute of limitations. Thus, it should not be inferred that counsel named in this opinion was dilatory.

3. The United States District Court for the District of the Canal Zone and the District of the Virgin Islands also have jurisdiction in such actions.

U.S.C. § 2675(a) provides that no action may be brought for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment unless the claim is first presented to the appropriate federal agency and denied in writing. Pursuant to 28 U.S.C. § 2672 the head of each federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may settle such claims.

Under 28 U.S.C. § 2401(b) "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." The remedy against the United States under 28 U.S.C. § 1346(b) and 28 U.S.C. § 2672 for claims resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment is exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim. 28 U.S.C. § 2679(b).

It is perfectly clear that if the foregoing sections are applied the way they are written, the order of the district court must be affirmed. Seibel was driving his vehicle within the scope of his employment at the time of the accident. Thus, the Bradleys' exclusive remedy was against the United States. But the Bradleys did not pursue that remedy by filing a written claim within two years and thus this action is barred.

The Bradleys seek to avoid the plain language of the sections we have cited by arguing that the sections are intended to give the appropriate agency an opportunity to settle a claim but are not always to be applied to bar actions by plaintiffs failing to comply with them.[4] Thus, in their view, if a party fails to comply with the filing requirements but does not sleep on his rights, causes no prejudice to the government by not filing a claim and had no reason within the filing period to believe that the offending motorist was a government employee within the scope of his employment, the action should not be barred. In support of these contentions, they cite cases from other circuits stating that the strict filing requirements are not always enforced as prerequisites to actions under the Federal Tort Claims Act. *See Kelley v. United States*, 568 F.2d 259 (2d Cir.), *cert. denied*, 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed. 2d 124 (1978); *Van Lieu v. United States*, 542 F.Supp. 862 (N.D.N.Y.1982); *Harris v. Burris Chemical, Inc.*, 490 F.Supp. 968 (N.D.Ga.1980).

We see no reason for an extended discussion of these cases from other circuits for they are simply not in harmony with our precedents. In *Bialowas v. United States*, 443 F.2d 1047 (3d Cir.1971), we affirmed an order dismissing the plaintiff's action for failure to file an administrative claim under the Federal Tort Claims Act. There the plaintiff claimed to have been struck by a mail truck. He was sent a claim form by the postal authorities but did not properly complete and file it. He was later sent new forms which he never completed or returned. He then commenced his action. We indicated:

As a sovereign, the United States is immune from suit save as it consents to be sued. The terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Although the Federal Tort Claims Act allows suits against the Government for

---

**4.** In this regard the Bradleys point out that 28 U.S.C. § 2675(a) provides that the provisions of that subsection do not apply to claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim. Here, of course, the claims were presented in a complaint. Accordingly, the proviso is of no help to them. *See Rosario v. American Export–Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1232–33 (3d Cir.), *cert. denied*, 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976).

torts committed by its employees while in the scope of their employment, it specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit under the Act. This requirement is jurisdictional and cannot be waived.

\* \* \* \* \* \*

Unless a tort claim is submitted to the appropriate federal agency within two years after the claim accrues or unless action is begun within six months of final denial of the claim by the agency to which it was presented, it is forever barred by 28 USCA § 2401(b), as amended July 18, 1966, Pub.L. 89–506, § 7, 80 Stat. 307. Since four years have passed since Bialowas was injured, his right of action against the Government will have lapsed unless he can show that he submitted a valid claim to the Post Office Department. [443 F.2d 1048–49]

We ultimately held that the action was barred as the claim form submitted by the plaintiff was completely deficient.

In *Peterson v. United States*, 694 F.2d 943 (3d Cir.1982), we reversed orders dismissing a medical malpractice action under the Federal Tort Claims Act entered on the ground that the injured party failed to file a claim within two years of the accrual of the action, as we determined that there was a material dispute of facts as to when the action accrued. Nevertheless, we reiterated the significance of compliance with the procedural requirements of the rules as follows:

In the Federal Tort Claims Act, Congress waived the sovereign immunity of the United States. However, the injured person must comply with the applicable terms and the conditions prescribed by Congress, *Honda v. Clark*, 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967), including strict observance of the limitations period, *Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957), which cannot be extended by equitable considerations. *Gleason v. United States*, 458 F.2d 171 (3d Cir.1972). Congress has required an injured party

to present his claim to the appropriate agency within two years after the claim accrues. 28 U.S.C. § 2401(b). A claim 'accrues' when the injured party knows both the existence and cause of his injury. *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). [694 F.2d at 944–45]

We also pointed out that in *Bialowas* we held: "Failure to observe the requirements of the [Federal Tort Claims] Act mandates dismissal." *Id.* at 945 n. 5. *See also Gleason v. United States*, 458 F.2d 171, 173 (3d Cir.1972); *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983) ("The requirement that a notice of claim be filed is jurisdictional and cannot be waived. Moreover, because the FTCA constitutes a waiver of sovereign immunity, the procedures set forth in Section 2675 must be adhered to strictly.") (omitting citations); *Kozel v. Dunne*, 678 F.Supp. 450 (D.N.J.1988); *Flickinger v. United States*, 523 F.Supp. 1372, 1375 (W.D.Pa.1981) ("[C]ourts almost uniformly have dismissed complaints where the plaintiff failed to file a claim with the appropriate federal agency within the two-year limitation period, even though plaintiff's failure to timely submit a claim resulted from his ignorance of defendant's status as a government employee.").

In reaching our result we have not overlooked the circumstance that this action was started against Seibel and not the United States. *See Kelley v. United States*, 568 F.2d at 264. In this regard we observe that the United States is the proper defendant under 28 U.S.C. § 2679(b) and that pursuant to 28 U.S.C. § 2401(b) the claim against it is barred without regard to whether or not it was an original defendant. Further, we think it would be extraordinary if a plaintiff could improve his procedural position by bringing his action against the wrong party. Indeed, we would not have even mentioned the point except for the fact that the *Kelley* court seemed to think it was significant. *See* 568 F.2d at 264. Similarly, we have not ignored the observation of the *Van Lieu* court that the United States, having inter-

vened as a defendant, should take the case as it finds it, *i.e.*, timely, and be deemed to have waived the statute of limitations. 542 F.Supp. at 868. Again, we do not see why the United States should lose its procedural protections because of the Bradleys' error.

While we will affirm the order of the district court we are not holding that in no circumstance could the filing requirements of the Federal Tort Claims Act be relaxed. We do not decide whether there might be a basis for some relaxation if it were in fact impossible for a diligent claimant to present a notice within two years of the claim accruing. In any event, the Bradleys do not present a situation warranting exceptional relief. This was a routine automobile accident case in which the government employee was immediately identified, though his status was not. Thus, if the Bradleys had promptly filed their action there is no doubt that with minimal discovery they could have ascertained Seibel was a government employee in the scope of his employment so that timely notice could have been given under the Federal Tort Claims Act. Instead they chose to wait. While they were free to do so, they delayed at their own peril. In fact, insofar as we can ascertain from the record, the Bradleys did nothing to prosecute their claim for almost two years between August, 1985 and June, 1987. Thus while our result may seem harsh we are compelled to reach it. *See Barren v. United States*, 839 F.2d 987, 992 (3d Cir.1988).

The order of February 26, 1988 will be affirmed.